UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAISER GILL ) | |
| ) | |
| vs. ) | |
| ) | |
| DEPARTMENT OF JUSTICE ) | Jury Demand |
| AND ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION ) | |

COMPLAINT

COMES NOW, through undersigned counsel, Faisal Gill, and states the following:

### Nature of Action

1. This Complaint is against the Federal Bureau of Investigation ("FBI") and Department of Justice ("DOJ") for violating the Due Process Clause of the Fourth Amendment, Equal Protection clause of the Fifth Amendment, and the Foreign Intelligence Surveillance Act in taking away Plaintiff's security clearance leading to his termination from the FBI.

### Jurisdiction

2. This court has jurisdiction under 28 U.S.C §1331, Federal Question jurisdiction, 28 USC §1346, United States as a defendant.
3. This court has authority to issue a declaratory judgment under 28 U.S.C. § 2201.
4. The Venue is proper because Defendants are within the district.

### Parties

5. Plaintiff Kaiser Gill ("Gill") is a United States citizen, resident, and citizen of the Commonwealth of Virginia.

6. The Federal Bureau of Investigation is an agency within the United States Department of Justice, with its headquarters located in Washington DC.

7. The Department of Justice is an agency of the United States Government with headquarters located in Washington, DC.

## Facts

8. Plaintiff Gill was born in 1974 in Karachi, Pakistan. He and his family immigrated to the United States in 1980.

9. Gill is of the Islamic faith.

10. In 1996, Gill graduated from the College of William & Mary. While at William & Mary, Gill was a member of the Reserve Officer Training Corps ("ROTC").

11. After graduation, Gill was commissioned in the United States Army as a second lieutenant.

12. In 1997, one year after joining the Army, Gill was deployed to Bosnia as part of Operation Enduring Freedom.

13. While in the Army, Gill was awarded the Meritorious Service Medal, the Army Commendation Medal, the Army Achievement Medal, Army Airborne School Parachutist Badge, Army Air Assault Badge, the Distinguished Graduate of Army Armor Basic Course, and Distinguished Graduate from Reserve Officers Training Corps.

14. In 2002, after an honorable discharge from the Army, Gill joined the FBI.

15. In 2005, Gill received the Attorney General Award for Exceptional Service, the highest award given to FBI agents.

16. In 2003, Gill accessed the FBI's Automated Case Support ("ACS") system after he learned that FBI agents visited his family members to ask questions about an immigration attorney who was an acquaintance.

17. Also, in 2003, Gill ran a search on family members and himself out of concern that they and he may also be caught up in the investigation.

18. All of Gill's searches yielded no active cases on any of his family members.

19. In 2006, Gill voluntarily disclosed to his supervisor at the FBI that his family member had contacted him about a visit from an FBI agent.  Gill further disclosed this to the New York Security Unit.

20. Because of Gill's voluntary disclosure, he was required to take a polygraph. During the polygraph, Gill's answers proved to be deceptive.

21. On August 11, 2006, the Security unit re-interviewed him. During the interview, Gill disclosed that he conducted searches on his family members and friends, and indirectly informed his brother that his phone was not being monitored by an agency.

22. In 2006, the FBI suspended Gill and revoked his security clearance.

23. At no time did Gill disclose any classified information to any individual.

24. In August 2008, the FBI permanently revoked his security clearance.  On August 18, 2008, FBI's Office of Professional Responsibility Unit informed Gill of their decision to terminate Gill for violating FBI policy against unauthorized searches of its computer systems and that his answers "lacked candor".

25. Gill sought review of OPR's decision by the Assistant Director of OPR.  On February 19, 2009, a hearing was held in front of the Assistant Director.

26. In March 2009, the Assistant Director found that the preponderance of the evidence did not support a charge of no candor under oath. Assistant Director did find the preponderance of the evidence supported a charge of lying under no oath. Also, the Assistant Director found violation of Offense Code 3.5 and 4.9.

27. On October 17, 2008, Gill appealed the decision to revoke his security clearance to the Access Review Committee ("ARC") of the Department of Justice.

28. On April 30, 2009, the ARC held its hearing. However, ARC did not rule until April 2, 2014. (Exhibit 1, Decision of Access Review Committee)

29. In its ruling, ARC stated that the FBI was concerned about Gill's "Foreign-born" relatives. The ARC also stated that it did not doubt Gill's sincerity or remorse for his actions and his ability to change. (Exh 1)

30. The ARC considered several factors, one of which is Adjudicative Guideline B, Foreign Influence, which allows the ARC to consider foreign influence on an individual. (Exh 1)

31. All of the family members whose records Gill searched through the ACS system are American citizens.

32. In Gill's brother's case, he is a US Navy Veteran, was Counsel at the White House Office of Homeland Security, and Department of Homeland Security. He also held a Top Secret Special Compartmentalized Information clearance.

33. No member of Gill's family has ever been indicted, let alone convicted.

34. During the ARC hearing, the FBI also did not disclose that they had requested the National Security Agency to monitor the emails of Gill's brother, Faisal Gill, pursuant to the Foreign Intelligence Surveillance Act ("FISA"), 50 USC § 1806.

35. Under Sec 106(c) of FISA, the government is required to notify the aggrieved party before they use such evidence.

36. Neither the ARC nor the FBI ever notified Gill that they intended to use the fact that Faisal Gill was subject of FISA electronic surveillance.

37. Neither the ARC nor the FBI ever disclosed conversations between Gill and his brother obtained as a result of the electronic surveillance relied upon by the ARC.

38. It is clear that FBI and ARC used the NSA electronic surveillance information on Faisal Gill in its proceedings because senior members of the ARC requested a legal opinion from DOJ Office of Legal Counsel, ("OLC") in 2010, shortly after the ARC hearing. (Exhibit 2, Office of Legal Counsel Opinion)

39. Also, the only reason the ARC provided for not overturning the decision of the FBI was the potential influence foreign-born relatives would have on Gill. (Exh 1)

40. ARC and the FBI in its decision to revoke his clearance clearly used Gill and his family members' Pakistani ethnic origin and their religious preference of being Muslims as key factors.

41. Had Gill or his family members been of another ethnicity or religion, FBI would not have revoked his clearance.

42. By revoking his clearance, Gill could no longer meet the requirements to be a special agent of the FBI. Security clearance is a condition of employment.

43. By having his security clearance revoked, Gill is no longer able to work in his field. He cannot work for private contractors in the security field, nor can he apply for another law enforcement agency. All require some form of a clearance.

## COUNT 1
## VIOLATION OF EQUAL PROTECTION

FIFTH AMENDMENT

44. Plaintiff incorporates by reference the averments and allegations in paragraph 1-43 as stated herein.

45. Defendants treated Plaintiff differently because of his race, religion and ethnic origin.  Plaintiff is South Asian, of Islamic faith and was born in Pakistan.

46. Defendants have given similarly situated agents of different race, religion and national origin much lesser of a penalty.

47. Non-Muslim agents who wrongfully accessed the FBI computer system were not terminated, nor was their security clearance revoked.  Instead, non-Muslim agents were given suspensions and letters of reprimand.

48. Plaintiff was terminated and his security clearance was revoked because he is of Muslim faith and was born in Pakistan.

49. Such disparity in punishment violates Plaintiff's rights to equal protection under the Fifth Amendment.

50. Defendants' violation of Plaintiff's Equal Protection rights has caused him a great deal of damage.

51. Plaintiff is not able to work at all in his profession of law enforcement or security because he is not able to hold a security clearance.

52. Termination from the FBI for "security reasons" makes Plaintiff unemployable anywhere.

53. Defendant's violation of the Equal Protection Clause of the Fifth Amendment proximately and directly damaged Plaintiff.

COUNT II
VIOLATION OF DUE PROCESS

## FOURTH AMENDMENT

54. Plaintiff incorporates by reference the averments and allegations in paragraph 1-43 as stated herein.

55. Defendants withheld pertinent information from Plaintiff and thereby denied him from meaningfully defending himself against the charges.

56. Defendants used materials gathered pursuant to a warrant granted under the Foreign Intelligence Surveillance Act ("FISA") without ever informing Plaintiff.

57. The electronic surveillance under FISA contained information regarding Plaintiff.

58. In 2006, Defendant FBI had requested a FISA warrant on Plaintiff's brother, Faisal Gill.

59. Defendants used communications from that electronic surveillance that contained conversations between the Plaintiff and his brother to reach its decision.

60. The main rationale for ARC's denial of Plaintiff's appeal was his connection to his family. By not disclosing the material they had from the electronic surveillance on his family, Defendants denied the Plaintiff the opportunity to have a meaningful hearing.

61. By not disclosing the information gained from the FISA wiretap, Plaintiff was not able to present an adequate defense.

62. Defendants' actions damaged Plaintiff in that his appeal was denied.

63. The denial of the appeal caused Plaintiff to lose his security clearance. Plaintiff is effectively barred from his profession of law enforcement or any security related industry because he cannot hold a government security clearance.

64. Plaintiff previously held a Top Secret/SCI clearance and now cannot hold even the lowest level of security clearances.

65. The Court should invalidate the ARC's denial and reinstate Plaintiff to active roles in the FBI.

## COUNT III
## FOREIGN INTELLIGENCE SURVEILLANCE ACT

66. Plaintiff incorporates by reference the averments and allegations in paragraph 1-43 as stated herein.

67. Section 106(c) of FISA explicitly requires the government to turn over any evidence of electronic surveillance it intends to use at a trial or proceeding to the aggrieved party. 50 USC § 1806(c).

68. Section 106(e) provides that an aggrieved party may move to strike that evidence from being entered at trial or proceeding.

69. Under Section 101(k), an aggrieved person is not only the person who was the target of the electronic surveillance, but also the person whose communications were subject to the surveillance. 50 U.S.C. § 1801(k).

70. Section 106(c) applies to security clearance hearings.

71. Defendants used the information gained through this electronic surveillance to justify the ARC's denial of Plaintiff's appeal and uphold the revocation of his security clearance.

72. Defendants never informed Plaintiff that they were going to use information gained from electronic surveillance from FISA.

73. Defendants' actions were in violation of FISA.

74. Defendants' actions caused great harm to Plaintiff in that he was not able to challenge any information gained from the electronic surveillance.

COUNT IV
DUE PROCESS
FIFTH AMENDMENT

75. Plaintiff incorporates by reference the averments and allegations in paragraph 1-43 as stated herein.

76. Defendants violated Plaintiff's Due Process rights by misapplying the *Adjudicative Guidelines for Determining Eligibility for Access to Classified Information.*

77. Guideline B Foreign Influence, of the *Adjudicative Guidelines for Determining Eligibility for Access to Classified Information,* allows the government to consider foreign relatives and influence they may have on the person.

78. Defendant FBI in its initial determination to revoke Plaintiff's clearance and Defendant DOJ in its denial both based their denial on Guideline B, Foreign Influence.

79. In its letter of denial, Defendant DOJ through ARC specifically stated that they did not doubt Plaintiff's sincerity but could not overlook his "family ties."

80. Both Defendant FBI and Defendant DOJ incorrectly misapplied Guideline B, because all family members in question are US citizens and not foreign.

81. Defendants used the fact that Plaintiff's family members were naturalized citizens and foreign born as the same as foreign under Guideline B.

82. Such misapplication is a gross misreading of Guideline B. Nowhere in the Guideline does it state that foreign-born US citizens are the same as Foreign.

83. Both Defendants denied Plaintiff his Due process rights by incorrectly applying Guideline B of the *Adjudicative Guidelines for Determining Eligibility for Access to Classified Information.*

84. Defendants' misapplication of Guideline B directly resulted in Plaintiff having his security clearance revoked.

## COUNT V
## EQUAL PROTECTION CLAUSE
## FIFTH AMENDMENT

85. Plaintiff incorporates by reference the averments and allegations in paragraph 1-43 as stated herein.

86. Defendants violated Plaintiff's rights under the Equal Protection Clause of the Fifth Amendment by misapplying the *Adjudicative Guidelines for Determining Eligibility for Access to Classified Information.*

87. Guideline B Foreign Influence, of the *Adjudicative Guidelines for Determining Eligibility for Access to Classified Information,* allows the government to consider foreign relatives and influence they may have on the person.

88. Defendant FBI in its initial determination to revoke Plaintiff's clearance and Defendant DOJ in its denial both based their denial on Guideline B, Foreign Influence.

89. In its letter of denial, Defendant DOJ through ARC specifically stated that they did not doubt Plaintiff's sincerity, but could not overlook his "family ties."

90. Both Defendant FBI and Defendant DOJ incorrectly misapplied Guideline B because all family members in question are US citizens and not foreign.

91. Defendants used the fact that Plaintiff's family members were naturalized citizens and foreign born the same as foreign under Guideline B.

92. Such misapplication is a gross misreading of Guideline B. Nowhere in the Guideline does it state that foreign-born US citizens are the same as Foreign.

93. Both Defendants denied Plaintiff his rights under the Equal Protection Clause of the Fifth Amendment by treating foreign born naturalized US citizens differently than native born Us citizens under Guideline B of the *Adjudicative Guidelines for Determining Eligibility for Access to Classified Information.*

94. Both Defendants used the family members' national origins in applying Guideline B of the *Adjudicative Guidelines for Determining Eligibility for Access to Classified Information.*

95. Such distinction between US citizens is a violation of the Equal Protection Clause of the Fifth Amendment.

96. Defendants' misapplication of Guideline B directly resulted in Plaintiff having his security clearance revoked.

COUNT VI
DUE PROCESS
FOURTH AMEDNEMNT

97. Plaintiff incorporates by reference the averments and allegations in paragraph 1-43 as stated herein.

98. Defendants denied Plaintiff his Due Process rights by delaying a decision on his appeal by almost five years.

99. Plaintiff filed his appeal of his security clearance revocation on April 29, 2009. The ARC did not rule until April 2, 2014.

100. Such delay is a violation of Plaintiff's Due Process rights.

101. Such delay harmed Plaintiff in that he was not able to apply for any law enforcement jobs.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1. Declare that FBI revoked Plaintiff's security clearance in violation of his Due Process rights under the Fourth Amendment and Equal Protection rights under the Fifth Amendment.

2. Declare that DOJ denied Plaintiff's security clearance appeal in violation of his Due Process rights under the Fourth Amendment and Equal Protection rights under the Fifth Amendment.

3. Declare that both FBI and DOJ were required to inform Plaintiff about the electronic surveillance under FISA, pursuant to 50 USC § 1806(c).

4. Immediately reinstate Plaintiff's security clearance back to Top Secret/SCI.

5. Immediately return Plaintiff to active roles in the FBI.

6. Award damages equal to Plaintiff's salary and benefits since 2006.

7. Award court costs and reasonable attorneys fees.

8. Any other remedy the Court deems appropriate.

Respectfully Submitted,

/S/ FAISAL GILL_____
Faisal Gill (DC Bar 497312)
Gill Law Firm
1155 F Street
Suite 1050
Washington, DC 20005

310-418-6675
202-318-4331(fax)
fgill@glawoffice.com