# EXHIBIT 1



**U.S. Department of Justice**

Washington, D.C. 20530

APR 0 2 2014

MEMORANDUM FOR ALEX J. TURNER
                              Assistant Director, Security Division
                              Federal Bureau of Investigation

FROM:            Mari Barr Santangelo
                  Chair, Access Review Committee

SUBJECT:     Appeal of Kaiser Gill
                  Special Agent
                  Federal Bureau of Investigation

     The Access Review Committee (ARC) met on April 30, 2009, to consider Mr. Gill's appeal of the April 9, 2008 decision of the Federal Bureau of Investigation (FBI) to revoke his security clearance. For the reasons set forth below, the ARC affirms the FBI's decision.

Background

     By letter dated April 9, 2008, Roland J. Corvington, Assistant Director, Security Division, FBI, revoked Mr. Gill's "Top Secret" security clearance. The revocation was based upon information indicating that Mr. Gill had conducted a number of unauthorized searches of the FBI's Automated Case Support (ACS) System. The Security Division determined that this behavior posed a significant and unacceptable risk to the national security, rendering Mr. Gill ineligible to retain a security clearance. On September 19, 2008, the FBI affirmed this decision on reconsideration, and Mr. Gill filed an appeal with the ARC on October 17, 2008.

Basis for Denial of Security Clearance

     A review identified that the following Adjudicative Guidelines set forth by the Security Policy Board are applicable to this appeal:

*Guideline B, Foreign Influence.* Foreign contacts and interests may be a security concern if the individual has divided loyalties or foreign financial interests, may be manipulated or induced to help a foreign person, group, organization, or government in a way that is not in U.S. interests, or is vulnerable to pressure or coercion by an foreign interest. Potential disqualifying factors

Memorandum for Alex J. Turner　　　　　　　　　　　　　　　　　　　　　　　　2
Subject:  Kaiser Gill

applicable to this kind of situation include counterintelligence information indicating that the individual's access to protected information may involve unacceptable risk to national security.

*Guideline E, Personal Conduct.*  Conduct involving questionable judgment, lack of candor, dishonesty, or unwillingness to comply with rules and regulations can raise questions about an individual's reliability, trustworthiness and ability to protect classified information.  Credible adverse information under this guideline may include evidence of breach of client confidentiality, release of confidential information, and unauthorized release of sensitive corporate or other government-protected information.

*Guideline J, Criminal Conduct.*  Criminal activity creates doubt about a person's judgment, reliability, and trustworthiness.  By its very nature, it calls into question a person's ability or willingness to comply with laws, rules, and regulations.  Relevant information under this guideline may include an allegation or admission of criminal conduct, regardless of whether the person was formally charged, formally prosecuted, or convicted.

*Guideline K, Handling Protected Information.*  The concern with this guideline is that deliberate or negligent failure to comply with rules and regulations for protecting classified or other sensitive information raises doubt about an individual's trustworthiness, judgment, reliability, or willingness and ability to safeguard such information, and is a serious security concern. Disqualifying conduct under this guideline may include deliberate or negligent disclosure of classified or other protected information to unauthorized persons, including personal contacts; inappropriate efforts to obtain or view classified or other protected information without a need to know; viewing or downloading information from a secure system without a need to know; failing to comply with rules for the protection of classified or other sensitive information; and failing to comply with rules or regulations that results in damage to the national security, whether or not it was deliberate or negligent.

*Guideline M, Use of Information Technology Systems.*  Non-compliance with rules, procedures, guidelines or regulations pertaining to information technology systems may raise security concerns about an individual's reliability and trustworthiness, calling into question the willingness and ability to properly protect sensitive systems, networks, and information. Possible disqualifying conduct under this guideline may include illegal or unauthorized entry into any information technology system or component thereof, or any misuse of information technology, whether deliberate or negligent, that results in damage to national security.

<u>Record Supporting Revocation of Security Clearance</u>

After several interviews conducted by the FBI with Mr. Gill in August, September, and October of 2006, Mr. Gill eventually admitted that he had conducted unauthorized inquiries in the ACS System involving himself, his brother, his girlfriend, his uncles, and other individuals who were of interest to the FBI but who were not within the scope of his duties and responsibilities. He also admitted conducting ACS searches on individuals at the request of his cousin and his brother and further conceded that he had assured his brother that there were no wiretaps on his phone. Mr. Gill also stated that he had warned his brother not to associate with specific individuals and had told his uncles that they had nothing to worry about because the case

Memorandum for Alex J. Turner                                                                3
Subject: Kaiser Gill

applicable to them involved only immigration issues. In describing this behavior, Mr. Gill explained that he felt pressure from his family to assist them and that this pressure made it difficult for him to balance his family obligations with his FBI responsibilities. At his final interview on October 4, 2006, Mr. Gill admitted that he had disclosed classified information, even if in general terms, by providing his brother a warning not to associate with specific individuals. The FBI opined that Mr. Gill's responses during polygraph examinations conducted on August 10, 2006, and September 28, 2006, were "indicative of deception." It also stated that the U.S. Attorney's Office for the Southern District of New York (USAO) would have been willing to prosecute Mr. Gill based on two misdemeanor counts but chose not to given the underlying equities and circumstances of the case.

### Standard Governing the ARC's Examination

The ARC is charged under the Adjudicative Guidelines with examining a sufficient period of a person's life to make an affirmative determination whether the person is eligible for a security clearance. In this process, the ARC must carefully weigh a number of variables known as the "whole person concept." In evaluating the relevance of an individual's conduct, the following factors should be considered: (1) the nature, extent, and seriousness of the conduct; (2) the circumstances surrounding the conduct, to include knowledgeable participation; (3) the frequency and recency of the conduct; (4) the individual's age and maturity at the time of the conduct; (5) the extent to which participation is voluntary; (6) the presence or absence of rehabilitation and other pertinent behavioral changes; (7) the motivation for the conduct; (8) the potential for pressure, coercion, exploitation, or duress; and (9) the likelihood of continuation or recurrence. The governing executive order further clarifies that "eligibility for access to classified information shall be granted only to employees . . . whose personal and professional history affirmatively indicates loyalty to the United States, strength of character, trustworthiness, honesty, reliability, discretion, and sound judgment, as well as freedom from conflicting allegiances and potential for coercion, and willingness and ability to abide by regulations governing the use, handling, and protection of classified information." Executive Order No. 12968, § 3.1(b) (1995).

The Adjudication Guidelines provide that every case must be judged on its own merits, but that "any doubt concerning personnel being considered for access to classified information will be resolved in favor of national security." Further, "the ultimate determination of whether the granting or continuing of eligibility for a security clearance is clearly consistent with the interests of national security must be an overall common sense judgment based upon careful consideration of the [individual guidelines] . . . in the context of the whole person." The individual seeking the security clearance bears the burden of proving that such clearance is fully consistent with the interests of national security.

### Discussion

Mr. Gill claimed before the FBI that he had only performed the ACS searches to protect himself and his family. He also denied providing any information regarding specific individuals or cases to unauthorized individuals. In his presentation at the hearing, Mr. Gill admitted performing ACS searches between 2003 and 2005 with respect to issues involving family

Memorandum for Alex J. Turner  4
Subject: Kaiser Gill

members but argued that revoking his security clearance was a disproportionately severe penalty for those searches. He maintained that those searches occurred within a very limited period of time and that he discontinued them in 2005, approximately a year before the FBI began questioning him about them. He asserted that he had been cooperative with the FBI's investigation and that he had not been anything less than candid during that investigation. Mr. Gill also maintained that his inability to work in the FBI during the pendency of this matter was sufficient sanction for his misconduct and that he had learned a painful lesson regarding the significance of his violations of FBI rules of conduct. He asked the ARC to provide him with another opportunity to perform his duties as an FBI agent and argued that the risk of him engaging in similar misconduct (given his absence from the FBI for several years) was miniscule.

In its presentation at the hearing, the FBI argued that its decision was correct because Mr. Gill had accessed highly sensitive law enforcement information systems because of his ties to his foreign-born relatives. It maintained that it had legitimate concerns based on this misconduct about his ability to safeguard classified information and not disclose it for his own personal reasons. In addition, the FBI noted that the Adjudicative Guidelines required that any doubt be resolved in favor of national security. It argued that it could not, under that standard, take a chance on whether Mr. Gill had learned his lesson and would not repeat similar offenses in the future.

The ARC concurs with the FBI's assessment of the government's responsibilities under the Adjudicative Guidelines and affirms its decision. The "whole person" standard discussed above requires the ARC to resolve any doubt in favor of national security. Mr. Gill's admitted misconduct in accessing sensitive information for personal reasons involving his family raises straightforward concerns regarding his ability to safeguard classified information and not disclose it for personal reasons. The ARC does not question the sincerity of Mr. Gill's expressions of remorse about his misconduct and his willingness to change his behavior. At the same time, however, the Adjudicative Guidelines require it to confront the fact that the misconduct occurred and the question of whether any doubt exists that he will engage in similar future misconduct. Based on this record, the ARC cannot find that all doubts on that question have been removed, and it must affirm the FBI's decision for that reason.


cc:     David H. Laufman, Esq.
        Law Offices of David H. Laufman, PLLC
        1000 Potomac Street, NW, Suite 5000
        Washington, DC  20007-3501

        S. Symone Walker
        Counsel for the FBI Security Division
        Office of the General Counsel
        Federal Bureau of Investigation
        935 Pennsylvania Avenue, NW
        Mail Stop PAT2 Room 1000
        Washington, DC 20035

Memorandum for Alex J. Turner                                              5
Subject:  Kaiser Gill

        David Margolis
        ARC Member

        Mark Bradley
        ARC Member